UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLIE JOHNSON, | Case No. 1:24-cv-01185-HBK (PC) |
| Plaintiff, | ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE |
| v. | |
| J. DOERER, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE[1] |
| Defendant. | (Doc. No. 2) |
| | 14-DAY DEADLINE |

Plaintiff Billie Johnson is a federal prisoner proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends that the District Court dismiss this action *without prejudice* for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

Plaintiff was among 13 inmates of United States Penitentiary – Atwater who filed a purported class action civil rights complaint against USP-Atwater Warden J. Doerer on

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

1  September 18, 2024, pursuant to *Bivens*.² (Doc. No. 1, "Complaint"). Notably, Plaintiff Billie
2  Johnson did not sign the Complaint but was only listed as a plaintiff on the caption. On October
3  3, 2024, Magistrate Judge Christopher D. Baker denied the request to proceed in a class action,
4  severed each of the individual plaintiff's claims, opened individual cases for each plaintiff listed
5  on the caption, and directed each plaintiff to submit a signed complaint within 45 days from
6  service of the order. (Doc. No. 2 at 8-9). The October 3, 2024 order warned that "[f]ailure to
7  comply with this order may result in the dismissal of the plaintiff's case." (*Id*. at 9).
8      As of the date of these Findings and Recommendations, Plaintiff has failed to submit a
9  signed complaint, or request an extension of time to comply, and the time to do so has expired.
10 (*See* docket).

## APPLICABLE LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure

---

² *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale, or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

1  However, "this factor lends little support to a party whose responsibility it is to move a case
2  toward disposition on the merits but whose conduct impedes progress in that direction," which is
3  the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,
4  1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on
5  multiple failures by aspiring litigants to follow the rules and requirements of our courts."
6  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary
7  dismissal with prejudice of habeas petition where petitioner failed to timely respond to court
8  order and noting "the weight of the docket-managing factor depends upon the size and load of the
9  docket, and those in the best position to know what that is are our beleaguered trial judges.").
10      Finally, the Court's warning to a party that failure to obey the court's order will result in
11 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
12 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's October 3, 2024 Order
13 expressly warned Plaintiff that his failure to respond to the Court's Order may result in dismissal
14 of this action. (Doc. No. 2 at 9). Thus, Plaintiff had adequate warning that dismissal could result
15 from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a
16 lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.
17      After considering the factors set forth *supra* and binding case law, the undersigned
18 recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.
19      Accordingly, it is hereby **RECOMMENDED**:
20      This action be DISMISSED *without prejudice* for Plaintiff's failure to obey court orders
21 and failure to prosecute.

## NOTICE TO PARTIES

23      These Findings and Recommendations will be submitted to the United States District
24 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
25 after being served with a copy of these Findings and Recommendations, a party may file written
26 objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned,
27 "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**
28 **(15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party

wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     November 27, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE